

FILED

03/09/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0047

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0047

HUBERT TWO LEGGINS,

Petitioner,

v.

HARDIN CITY COURT, BIG HORN COUNTY,
and HON. RICHARD BOWLER, City Judge,

Respondent.

**FILED**

MAR 0 9 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

On January 27, 2021, Petitioner Hubert Two Leggins, via counsel, sought a writ of mandamus[1] from this Court directing the Hardin City Court, Big Horn County, to vacate an order dismissing Two Leggins's motion to set aside a plea agreement and written judgment and resentence Defendant Mark Gatrell in its Cause No. CR-170-2020-00034. Two Leggins, the victim in that case, alleged the City Court erred in ruling that he has no standing to contest the disposition of that case because Two Leggins maintains that the disposition occurred in violation of § 46-24-104, MCA. We provided the opportunity to respond to the Hardin City Court, the City of Hardin, and Defendant Mark Gatrell. Having received those responses, we now consider Two Leggins's Petition.

This Court has original jurisdiction to consider writs of mandamus pursuant to M. R. App. P. 14(2). Section 27-26-102(1), MCA, provides in relevant part that this Court may issue a writ of mandamus to "any lower tribunal . . . or person to compel the performance of an act that the law specially enjoins as a duty . . . to which the party is entitled and from which the party is unlawfully precluded by the lower tribunal . . . or person." In this case, we

---

[1] Although Two Leggins captioned his filing as "Crime Victim Hubert Two Leggins' Petition for Writ of Supervisory Control or Mandamus," his filing does not address the criteria required for a writ of supervisory control under M. R. App. P. 14(3). Therefore, we consider the matter only as a petition for writ of mandamus pursuant to M. R. App. P. 14 and § 27-26-102, MCA.

consider whether the Hardin City Court erred in its determination that Two Leggins lacks standing.

The question of standing is whether a litigant is entitled to have the court decide the merits of the dispute or of particular issues. When standing is placed at issue in a case, the question is whether the person whose standing is challenged is a proper party to request an adjudication of a particular issue and not whether the issue itself is justiciable. *Gryczan v. State*, 283 Mont. 433, 442, 942 P.2d 112, 118 (1997) (citations omitted).

In this case, both in his petition before this Court and in the proceedings below, Two Leggins argues he has standing to contest the disposition of Gatrell's criminal case because the Hardin City Court and the prosecution failed to provide Two Leggins with the protections to which he is entitled under Title 46, chapter 24, MCA. Title 46, chapter 24, MCA, protects crime victims, assuring they receive fair and proper treatment from law enforcement and prosecutors, and providing a standard of conduct governing their treatment in criminal cases. See § 46-24-101, MCA. Where Two Leggins alleges that these procedures were not followed, he asserts he has the right to be heard in Gatrell's criminal case.

To prove standing, Two Leggins relies on *U.S. v. Kovall*, 857 F.3d 1060 (9th Cir. 2017), in which the Ninth Circuit Court of Appeals held that while non-parties generally have no standing to appeal the judgment in a criminal matter, crime victims may have standing regarding certain aspects of disposition under specific circumstances. In *Kovall*, the Twenty-Nine Palms Band of Mission Indians, which was a victim of an inflated pricing scheme, sought to appeal the amount of restitution ordered by the sentencing court. *Kovall*, 857 F.3d at 1063. However, as Gatrell, the City of Hardin, and the Hardin City Court all point out, *Kovall* applies to the Federal Crime Victims' Rights Act, which applies to federal prosecutions for federal crimes, and is not applicable here.

Standing must be supported in the same way as any other matter on which the plaintiff bears the burden of proof. *Ellenburg v. Mahoney*, No. OP 11-0144, 264 P.3d 517 (May 10, 2011) (citing *Lewis v. Casey*, 518 U.S. 343, 358, 116 S. Ct. 2174, 2187 (1996)). While Two Leggins faults the Hardin City Court for failing to cite authority in its Order, the only authority Two Leggins points to is *Kovall*, which does not hold that crime victims generally have standing in criminal matters, but rather holds that they generally do not have

2

standing, except for very specific circumstances as authorized by certain federal statutes for certain federal crimes. Two Leggins maintains that *Kovall* is the most on-point case he uncovered and argues that it supports a determination that he has standing because the Federal Crime Victims' Rights Act and Title 46, chapter 24, MCA, serve similar purposes. However, Two Leggins does not explain how the victim's appeal of the restitution amount in a federal case in *Kovall* is analogous to his motion to set aside a plea agreement in a state case.

Gatrell points out that this Court has yet to determine if a crime victim has standing to intervene in a criminal case under Title 46, chapter 24, MCA, and nothing in those statutes specifically confers such standing. Other than his citation to *Kovall*, Two Leggins fails to substantively develop an argument as to how Title 46, chapter 24, MCA may confer standing on him to seek the relief he asks this Court to grant. While we do not conclusively hold that crime victims lack standing in criminal matters under Title 46, chapter 24, MCA, Two Leggins has not met his burden of establishing that he has standing in this case.

IT IS THEREFORE ORDERED that the petition for writ of mandamus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel for Petitioner and all counsel of record in the Hardin City Court, Big Horn County, Cause No. CR-170-2020-00034, and to the Honorable Richard Bowler, presiding Judge.

Dated this 9th day of March, 2021.

Justices

3